**CURRIER BUILDERS, INC., et al., Plaintiffs**

v.

**TOWN OF YORK, MAINE, Defendant**

· **No. CIV: 01–68–P–C.**

United·States District Court, D. Maine.

July 8, 2002. .

---

Jonathan S. Piper, Michael Kaplan, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Currier Builders Inc, Neddick Estates Inc, Home Builders Association Inc dba Home Builders and Remodelers Association of Maine, Walter Woods, plaintiffs.

Mark V Franco, Thompson & Bowie, Portland, ME, for York, Town of, defendants.

## ORDER AFFIRMING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on May 30, 2002, with copies to counsel, his Recommended Decision on Defendant's Motion for Summary Judgment and Motion of Plaintiffs Home Builders Association and Walter Woods for Partial Summary Judgment (Docket No. 60); and Defendant having filed its objection thereto on June 12, 2002, (Docket No. 61), to which objection Plaintiffs filed their response on June 24, 2002 (Docket No. 62); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision **EXCEPT** for the conclusion that the motion of Defendant for summary judgment should be denied as to the as-applied claim of Plaintiff Woods asserted in Count IV, with which the Court **DISAGREES** for reasons hereafter stated, it is **ORDERED** as follows:

(1) Defendant's objection is hereby **GRANTED** in part;

(2) the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED** in part;

(3) the motion of Plaintiffs Walter Woods and Home Builders Association, Inc. for summary judgment is hereby **DENIED**;

(4) Defendant's motion for summary judgment is hereby **GRANTED** as to all remaining Counts (I, III, and IV).

The Court disagrees with the Magistrate Judge's recommendation in respect to Plaintiff Woods' as-applied takings claim under Count IV of the Complaint because it is convinced that controlling authority in this circuit, *Gilbert v. City of Cambridge,* 932 F.2d 51, 60–61 (1st Cir.1991), dictates the application of a standard of ripeness

that Woods cannot, on this record, meet. The Recommended Decision notes the Court's observation in *Gilbert* that in some circumstances, the "futility exception" will permit a party to bypass a permit process. The Recommended Decision then states a finding that

> Woods has submitted evidence, some of which is disputed by the defendant, that would allow a reasonable factfinder to conclude that, for him, *applying for building permits under the Ordinance is not a "viable option"* [*Gilbert*, 932 F.2d at 61] *for his planned Phase II Development* .... That is sufficient to allow Woods to pursue this claim.

Recommended Decision at 14 (emphasis added).

■ This Court is persuaded upon *de novo* review of the record herein that a close reading of *Gilbert* clearly establishes that the subject finding is not "sufficient" to allow Woods to proceed with the claim under the law. Admittedly, *Gilbert* recognizes a "futility exception." *Gilbert*, 932 F.2d at 60–61. It is, however, an exception that is "stringently cabined." *Id.* at 61. The party relying on the exception should, as a rule, be required to obtain "a final municipal decision" before proceeding to court with the claim. *Id.* The burden to do so "must lie with the party seeking to bypass the permit procedure—and any reasonable doubt ought to be resolved against that party." *Id.* "[T]he mere possibility, *or even the probability,* that the responsible agency may deny the permit *should not be enough* to trigger the excuse of futility." *Id.* (emphasis added; citing cases).

While the court in *Gilbert* agonizes over how to establish by definition the bright-line boundaries of the exception, it finally gets that done when it says, "at a bare minimum '[a] property owner cannot rely on the futility exception *until* he or she *makes at least one meaningful application*

....' " *Id.* (emphasis added; citing to cases). The *holding* of the case on this point is clearly stated:

> We adopt this basic approach: the filing of one meaningful application will ordinarily be *a necessary,* although not alone sufficient, *precondition* for invoking the futility exception.

*Id.* (emphasis added). The court there rejected the application of the exception to the Blevins plaintiffs *because of the absence of a single application for a permit.*

■ Hence, the operative fact that must underlie the proper invocation of the exception is not, as found by the Recommended Decision, that the application would be futile (*e.g.,* was not "a viable option") but, rather, whether *any single* application, viable or not, has been *made* for the granting of the permit in question. The first factual predicate for the application of the exception is whether any application *has been made* to the "responsible agency," *id.* at 61. Then the analyst may pass on to consider if the record supports a finding of futility in light of the agency's anticipated future action.

That initial finding *of a making of the application for the permit* was not made by the Magistrate Judge below, and this Court's *de novo* review of the record satisfies it that such a finding cannot be supported on this record. Interestingly, the record here establishes, without dispute, that Woods is *two* administrative steps away from a proper invocation of the exception, rather than a *single* step away as the Blevins plaintiffs were in *Gilbert.* There, it was the failure to make the application for the immediate permit that was found to be a sufficient basis to deny the benefit of the exception. Here, the record establishes not only that Woods has not in fact made any application for the permit, the granting of which is the end result he seeks, but that he has no standing to do so

and could not get the permit to issue, not because of the claim he alleges in Count IV but because of a pre-existing, legitimate requirement that he first obtain approval for the Phase II Development to which the permit will relate. The record further establishes, without dispute, that he has never applied for *that* approval. Clearly the rationale and holding of *Gilbert* will not justify his reliance on the futility exception.

The conclusion of the Recommended Decision that it does so is **REJECTED**.